IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA HONORATO,

                Plaintiff,

v.

MT. OLYMPUS ENTERPRISES, INC.,
MOUNT OLYMPUS RESORTS, LLC,
MT. OLYMPUS WATER & THEME PARK, and
WISCONSIN DELLS VISITOR AND CONVENTION
BUREAU, INC.,

                Defendants.

OPINION and ORDER

20-cv-903-jdp

---

Plaintiff Vanessa Honorato originally filed in Illinois state court. Defendants removed the case to federal court and successfully moved to transfer the case to this district. Dkt. 36. Honorato now moves for relief from the transfer order, relying on Federal Rule of Civil Procedure 60(b)(2). Dkt. 82. Honorato says that newly discovered evidence and a recent Supreme Court decision on personal jurisdiction, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021), warrant returning the case to the Northern District of Illinois.

The court will deny Honorato's motion. The transfer order is not a final order for Rule 60(b) purposes. *See* Fed. R. Civ. P. 60; *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 976 (7th Cir. 2010). Honorato is really asking for reconsideration of the transfer order. She already made that request in the Northern District of Illinois, where it was denied.

Honorato's purportedly new evidence—emails and some social media advertising—has been in her possession since the beginning of the case. And *Ford Motor* did not meaningfully change the standard for establishing personal jurisdiction. The link between a defendant's forum contacts and the plaintiff's claim need not be strictly causal, but the claim must somehow

arise out of the forum contacts and the connection must be strong enough to make personal jurisdiction foreseeable. Honorato's claim relates to a vehicle accident that occurred in defendants' parking lot; defendants' contacts involve advertising their recreational services. The transfer order correctly concluded that plaintiffs failed to establish the required connection: "Plaintiffs have been unable to allege any facts that link the tragic death of Plaintiff's child to Defendants' alleged activities directed at Illinois consumers." Dkt. 36, at 7. Honorato has spent enough time fighting over venue; it's time to focus on the merits of the case.

Mount Olympus requests that the dispositive motions deadline be extended from September 13, 2020, to October 13. Dkt. 86. Mount Olympus says that Honorato is not cooperating with scheduling depositions. There isn't time in the case schedule for a month-long extension of the dispositive motions deadline. If Honorato is not cooperating with discovery, Mount Olympus's remedy is a motion to compel.

## ORDER

IT IS ORDERED that:

1. Plaintiff Vanessa Honorato's motion for relief from judgment, Dkt. 82, is DENIED.
2. Defendants' motion to extend the dispositive motion deadline, Dkt. 86, is DENIED.

Entered August 18, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge