IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA HONORATO, individually
and as independent administrator of the estate of
MARYANA JOANNA MUNOZ,

                          Plaintiffs,

   v.                                                                                                         OPINION and ORDER

MT. OLYMPUS ENTERPRISES, INC.,                                                     20-cv-903-jdp
MT. OLYMPUS RESORTS, LLC.,
MT. OLYMPUS WATER & THEME PARK, and
WISCONSIN DELLS VISITOR &
CONVENTION BUREAU, INC.,

                          Defendants.

---

       Three-year-old Maryana Munoz died after a car accident in the parking lot of the Mt. Olympus resort in Wisconsin Dells, Wisconsin. Her mother, plaintiff Vanessa Honorato, alleges that the parking lot was unsafe in several ways, and she brings wrongful death and survival claims against the three businesses that own and operate the Mt. Olympus resort. Honorato also brings claims against Wisconsin Dells Visitor & Convention Bureau, a non-profit corporation that promotes tourist attractions in the Wisconsin Dells area. Honorato purchased her Mt. Olympus tickets on the Bureau's website, and she contends that the Bureau failed to warn about the dangerous conditions in the Mt. Olympus parking lot.

       The Bureau moves to dismiss Honorato's claims against it. Dkt. 65. The court concludes that the Bureau had no duty to warn about the conditions at the Mr. Olympus parking lot. The case will proceed only against the defendants who own and operate the Mr. Olympus resort.

BACKGROUND

The court draws the following facts from Honorato's second amended complaint. Dkt. 74. Plaintiff Vanessa Honorato, an Illinois resident, purchased tickets and a hotel room to visit the Mt. Olympus water park resort, which is owned and operated by defendants Mt. Olympus Enterprises, Inc., Mt. Olympus Resorts, LLC., and Mr. Olympus Water & Theme Park Resort (the Mt. Olympus defendants). Honorato bought the tickets at www.wisdells.com, an advertising and ticketing platform owned and operated by defendant Wisconsin Dells Visitor and Convention Bureau. The Bureau is a private, non-profit corporation that promotes the businesses of its members, which are hotels and theme parks in the Wisconsin Dells area. The Bureau is funded by membership dues, advertising revenue, and hotel room taxes. The Mt. Olympus defendants are members of the Bureau.

Honorato and her family members visited the Mt. Olympus water park on August 7, 2018. At the end of the day, they returned to their car, which was parked at the Hotel Rome within the Mt. Olympus resort. As the family walked through the parking lot, a distracted driver struck Honorato's three-year old daughter, Maryana Munoz. She later died from her injuries.

Honorato is a citizen of Illinois, defendants are citizens of Wisconsin, and the amount in controversy exceeds $75,000. Accordingly, the court has diversity jurisdiction under 28 U.S.C. § 1332(a).

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The court must

accept the complaint's well-pleaded allegations as true and draw all reasonable inferences from those facts in the plaintiff's favor, but the court is not bound to accept legal conclusions. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). When it is clear from the allegations that the plaintiff's claims are barred as a matter of law, dismissal is appropriate. *Parungao v. Comm. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

A. **Choice of law**

A threshold question concerns the choice of law. The parties cite both Wisconsin and Illinois law, but neither side explains which law should apply. Neither side suggests that it would make a difference. If neither side conducts a choice of law analysis, the general rule is that the law of the forum state applies. *See RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008).

Wisconsin law applies. When determining choice of law in a diversity case, the court looks to the choice-of-law rules of the forum state, here Wisconsin. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Under Wisconsin law, there is a presumption that the law of the forum state applies unless it is clear that the non-forum state has more significant contacts with the claim. *Drinkwater v. Am. Family Mut. Ins. Co.*, 2006 WI 56, ¶ 40, 290 Wis. 2d 642, 714 N.W.2d 568; *State Farm Mut. Auto Ins. Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662.

Illinois's contacts with Honorato's claims are not more significant than Wisconsin's. Honorato purchased her tickets and booked her hotel room while she was in Illinois. But Mt. Olympus resort and all of the defendants are located in Wisconsin. More important, the injury occurred in Wisconsin, and in tort cases, the location of the injury establishes the more

significant contact. *NCR Corp. v. Transp. Ins. Co.*, 2012 WI App 108, ¶¶ 12–13, 344 Wis. 2d 494, 501, 823 N.W.2d 532, 535.

## B. Failure to state a claim

Honorato's second amended complaint asserts the same claims against each of the defendants.[1] She uses the label "premises liability" in the headings of her complaint, but that does not accurately reflect her claim against the Bureau, which is really a common-law negligence claim based on Bureau's failure to warn of the alleged dangerous conditions at the Hotel Rome parking lot. The Bureau is correct that it cannot be liable under a premises liability theory because it did not own or control the premises where the accident occurred. *See Brenner v. Amerisure Mut. Ins. Co.*, 2017 WI 38, ¶ 52, 374 Wis. 2d 578, 608, 893 N.W.2d 193, 208.

To state a negligence claim in Wisconsin, a plaintiff must establish four elements: (1) the existence of a duty of care on the part of the defendant; (2) a breach of that duty of care; (3) a causal connection between the defendant's breach and the plaintiff's injury; and (4) damage resulting from the injury. *Gritzner v. Michael R.*, 2000 WI 68, ¶ 19, 235 Wis. 2d 781, 790, 611 N.W.2d 906, 912. The Bureau contends that Honorato fails to state a claim because she doesn't adequately allege that the Bureau owed her a duty to warn.

Wisconsin negligence law embraces a broad conception of the duty of care: everyone owes a duty of care to the world at large. *Hornback v. Archdiocese of Milwaukee,* 313 Wis. 2d 294, 309, 752 N.W.2d 862 (quoting *Palsgraf v. Long Island R.R. Co.,* 162 N.E. 99, 103 (1928) (Andrews, J., dissenting). But the duty of care is not unlimited: it arises when a reasonable person would have foreseen that his or her conduct would pose an unreasonable risk of injury

---

[1] Honorato filed her second amended complaint, Dkt. 74, after the Bureau's motion to dismiss, Dkt. 65. The Bureau's reply brief, Dkt. 79, adequately addresses the operative complaint.

to someone. *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 30, 291 Wis. 2d 283, 306, 717 N.W.2d 17, 29. Whether the defendant owed a duty is a question of law for the court. *Id*. at ¶¶ 27–28.

The scope of the duty depends on what a reasonable person would do under the circumstances, and the touchstone of the inquiry is foreseeability. If the parties had a special relationship, such as when the defendant is a fiduciary, or if the defendant had assumed a special role for the plaintiff, the scope of foreseeable injury might be broadened. *Hocking v. City of Dodgeville*, 2009 WI 70, ¶ 12, 318 Wis. 2d 681, 690, 768 N.W.2d 552, 556; *Hoida,* 291 Wis. 2d at 306. Honorato alleges no special relationship with the Bureau, nor does she allege that the Bureau had undertaken any special obligation to her.

A defendant is responsible for the foreseeable consequences of his or her own actions. But if the alleged injurious conduct is not within the defendant's control or responsibility, a negligence claim fails as a matter of law. *See, e.g., Hocking,* 318 Wis. 2d at 690 (homeowner has no duty to alleviate the flow of surface water onto a neighbor's property if the homeowner did not alter the flow of water in the first place); *Baumeister v. Automated Prod., Inc*., 2004 WI 148, ¶ 13, 277 Wis. 2d 21, 32, 690 N.W.2d 1, 6 (architect had no contractual, statutory, or common-law duty to ensure the safe installation of trusses that he designed).

Honorato alleges that the Bureau owed her a duty to warn about the dangerous conditions in Mt. Olympus's parking lots, including the absence of speed bumps, pedestrian walkways, and hazard signs. Dkt. 74, ¶¶ 29–30. Honorato does not allege that the Bureau certified or vouched for the safety of its members' businesses. She asserts simply that the Bureau knew or should have known that unsafe parking lots could endanger families with young children. *Id.*

Honorato's conception of the Bureau's duty of ordinary care is unreasonably broad. A poorly designed parking lot might well pose a risk to young children. But the issue is not whether parking lots are dangerous in general. The question of duty in a negligence action turns on whether the defendant's own actions would pose a foreseeable and unreasonable risk to others. Applied to this case, the question is whether the Bureau would reasonably foresee that failing to include safety warnings on its ticketing website would increase the danger posed by parking lots in the Dells. Weekend traffic on the Interstate from Chicago also poses risks to families visiting Wisconsin Dells. Would the Bureau have a duty to warn about heavy traffic, too? Honorato's expansive conception of the duty of care would turn the Bureau into an insurer of all of its members, making it responsible for virtually any injury to those who used the Bureau website to purchase tickets to Wisconsin Dells tourist attractions. The court concludes that the risk of parking lot injury was not a foreseeable result of the Bureau's ticketing website, and the Bureau had no duty to warn of unsafe conditions at its members' properties.

Honorato says that foreseeability is a question for the jury, citing *Stevens v. Stryker Corp.*, No. 12-CV-63-BBC, 2013 WL 12109101, at *3 (W.D. Wis. May 9, 2013). *Stevens* was a product liability case, where the issue was whether the manufacturer of a medical device knew, or should have known, that its product was dangerous. There was no question about the underlying duty: the manufacturer of a medical device has a duty to warn about known risks posed by its own product. *Stevens* does not undermine the general principle that the existence of a duty is a question of law for the court.

Honorato also contends that *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909 (7th Cir. 1985) shows that a business that invites patrons to engage in amusement activities for a fee has a duty to warn those patrons of potential dangers on the premises. In that case,

6

the defendants' business rented inner tubes to visitors to float down a stretch of river, and the plaintiff was injured in a diving accident on land not owned by defendants. *Id.* at 912. The businesses had a duty to warn because they controlled the floating experience and they maintained the property where the plaintiff was injured, even though they didn't own it. *Id.* at 915. The *Apple River* defendants were not mere promoters and sellers of tickets; they controlled the property where the injury occurred. In this case, the Bureau had no control over the premises where the injury occurred.

The Bureau had no duty to warn of dangerous conditions on the properties of its members, and Honorato fails to state a negligence claim against the Bureau.

ORDER

IT IS ORDERED that defendant Wisconsin Dells Visitor & Convention Bureau, Inc.'s motion to dismiss, Dkt. 65, is GRANTED.

Entered September 28, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge